IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-162

PATAGONIA, INC.,

     Plaintiff

          v.

ROXANN HAYES,

     Defendant.

---

**COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, AND INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS (INJUNCTIVE RELIEF SOUGHT)**

**JURY TRIAL DEMAND**

---

Patagonia, Inc. ("Patagonia") is filing this complaint to stop Roxann Hayes ("Ms. Hayes") from continuing to infringe, misuse, and trade on Patagonia's famous PATAGONIA and P-6 logo trademarks, its copyrights, and its reputation and goodwill, and continuing to interfere illegally with Patagonia's dealer agreements. Ms. Hayes interferes with Patagonia's contracts with its authorized dealers by purchasing wholesale quantities of Patagonia® brand products for the purpose of resale through unauthorized, gray market channels, including online marketplaces like Poshmark.com. Ms. Hayes then promotes and sells the improperly obtained, unauthorized products with Patagonia's branding and proprietary images through unauthorized channels that fail to provide any warranties or sales support for which the Patagonia brand is

1

famous.

To stop this conduct, Patagonia alleges as follows:

**<u>PARTIES, JURISDICTION, AND VENUE</u>**

1. Patagonia is a California corporation headquartered at 259 West Santa Clara Street, Ventura, California 93001. Patagonia has been designing, developing, and marketing clothing for more than forty years. Today, Patagonia and the PATAGONIA brand are famous around the world for innovative apparel designs, quality products, and environmental and corporate responsibility.

2. Roxann Mackenzie Hayes is an individual residing at 4875 Foothills Ct., Castle Rock, Colorado 80109. Using the handle @roxannhayes, Ms. Hayes operates a business online through Poshmark, purporting to offer PATAGONIA branded products, among other brands.

3. Patagonia's trademark claims arise under the Trademark Act of 1946 (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006 (15 U.S.C. §§ 1051, *et seq.*). Patagonia's claims for copyright infringement arise from Ms. Hayes' infringement of Patagonia's exclusive rights under the United States Copyright Act (17 U.S.C. §§ 101, *et seq.*). This Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 17 U.S.C. § 501 (copyright), 28 U.S.C. § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act). This Court has jurisdiction over the state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) and 28 U.S.C. § 1332 (diversity).

4. This Court has personal jurisdiction over Ms. Hayes because Ms. Hayes resides in Colorado, where she conducts her business that is the subject of this complaint.

2

5.     Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400(a) because Ms. Hayes resides in this district, infringes Patagonia's intellectual property in this district, and a substantial part of the events giving rise to the claims asserted arose in this district.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

**Patagonia's History**

6.     Patagonia was founded in the late 1960s to design and sell climbing clothes and other active sportswear.  The company adopted the brand "PATAGONIA" to differentiate a related business that designed and manufactured climbing gear and tools.  PATAGONIA was chosen as the trademark to call to mind romantic visions of glaciers tumbling into fjords, jagged windswept peaks, gauchos, and condors.  Since at least 1973, the PATAGONIA brand has appeared on a multi-colored label inspired by a silhouette of the jagged peaks of the Mt. Fitz Roy skyline (the "P-6 logo").

7.     In the nearly fifty years since Patagonia's business started, the PATAGONIA brand and its P-6 logo have become among the most identifiable brands in the world. Patagonia's products now include a wide range of apparel products and equipment, including T shirts, hoodies, sweatshirts, and fleece, as well as technical products designed for climbing, skiing and snowboarding, surfing, fly fishing, and trail running, which are sold around the world.

8.     Over the years, Patagonia has been recognized and honored for its business initiatives, including receiving the Sustainable Business Counsel's first "Lifetime Achievement Award."  In 1996, with an increased awareness of the dangers of pesticide use and synthetic fertilizers used in conventional cotton growing, Patagonia began the exclusive use of

organically grown cotton and has continued that use for more than twenty years.  It was a founding member of the Fair Labor Association®, which is an independent multi-stakeholder verification and training organization that audits apparel factories.  Additionally, since 1985 Patagonia has pledged 1% of sales to environmental groups to preserve and restore our natural environment, donating more than $100 million to date.  In 2002, Patagonia's founder, Yvon Chouinard, along with others, created a non-profit called 1% For the Planet® to encourage other businesses to do the same.  Today, more than 1,200 member companies have donated more than $150 million to more than 3,300 nonprofits through 1% For the Planet.  In 2012, Patagonia became one of California's first registered Benefit Corporations, ensuring Patagonia could codify into its corporate charter consideration of its workers, community, and the environment.  In 2016, Patagonia pledged to donate all revenue from sales on Black Friday, donating $10 million to environmental grantees in response to customers' purchases on that day.  In 2018, Patagonia pledged an additional $10 million in grants to environmental groups in response to recent tax cuts given to businesses.  Over the course of two weeks in December 2019, Patagonia matched another $10 million in donations to environmental and other grassroots organizations.  In 2022, Patagonia's owners donated their holdings in the company to support initiatives and innovations addressing climate change.

**Patagonia's Trademarks**

9.      Patagonia owns numerous registrations for its distinctive P-6 logo and PATAGONIA trademark, covering a wide-ranging assortment of products.  Among these are the following U.S. trademark registrations:

4

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 1189402 / Feb. 9, 1982 | Men's and Women's Clothing – Namely, Sweaters, Rugby Shirts, Walking Shorts, Trousers, Jackets, Mittens, Hoods, and Rainwear. | 08/1974 |
| | 1294523 / Sept. 11, 1984 | Men's, Women's and Children's Clothing-Namely, Jackets, Pants, Vests, Gloves, Pullovers, Cardigans, Socks, Sweaters, Underwear, Shirts, Shorts, Skirts and Belts | 08/1974-1981 |
| | 1547469 / July 11, 1989 | Men's, Women's and Children's Clothing- Namely, Jackets, Pants, Shirts, Sweaters, Vests, Skirts, Underwear Tops and Bottoms, Socks, Gloves, Mittens, Hats, Face Masks, Balaclava, Gaiters, Suspenders, and Belts | 08/1974-1981 |
| | 1775623 / June 8, 1993 | Luggage back packs, and all-purpose sports bags | 08/1988 |
| **PATAGONIA** | 1811334 / Dec. 14, 1993 | Luggage, Back Packs, Fanny Packs, and All-Purpose Sport Bags, Footwear, Ski Bags, and Ski Gloves. | 08/1990 |

5

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| PATAGONIA | 2260188 / July 13, 1999 | Computerized on-line ordering activities in the field of clothing and accessories; providing information in the field of technical clothing and accessories for use in recreational, sporting, and leisure activities; providing information in the field of existing and evolving environmental issues. | 10/1995 |
| PATAGONIA.COM | 2392685 / Oct. 10, 2000 | On-line retail store and mail order services featuring technical clothing, footwear, and accessories; computer services in the nature of on-line information related to the environment and clothing. | 10/1995 |
| PATAGONIA | 2662619 / Dec. 17, 2002 | Retail store services featuring clothing, footwear, luggage, and a wide variety of sporting goods and accessories. | 06/1986 |
| PATAGONIA | 5561006 / Sept. 11, 2018 | Stickers; paper banners; fiction and non-fiction books on a variety of topics; posters; non-magnetically encoded gift cards; photographs | 12/1991 |
| | 4500490 / March 15, 2014 | Shirts, pants, shorts. | 01/2012 |

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| | 4773290 / July 14, 2015 | Backpacks; luggage, namely, duffel bags, sling bags, hip packs, waist bags, and daypacks; Water-repellent and waterproof fishing packs in the nature of packs that are specially adapted for fishing equipment, namely, backpacks, daypacks, duffel bags, sling bags, hip packs, waist bags, and gear bags in the nature of fishing reel bags, fishing tackle bags, and sportsman's fishing bags in nature of duffel bags. | 01/2014 |
| | 5318994 / Oct. 24, 2017 | Clothing, namely, t-shirts, sweatshirts, hooded sweatshirts, hats, caps | 07/2017 |

These registrations for the PATAGONIA mark and logos are in full force and effect.  The registrations have become incontestable under 15 U.S.C. § 1065.  A color image of the P-6 logo follows:



Collectively, these marks, Patagonia's other registered trademarks, and its common law marks are referred to as the "PATAGONIA trademarks."  Patagonia also owns a registered copyright (Registration No. VA 1-801-788) for the P-6 logo.

7

10.     The PATAGONIA trademarks are distinctive, arbitrary and fanciful, entitled to the broadest scope of protection, and certain of the PATAGONIA trademarks are registered worldwide.

11.     For many years prior to the events giving rise to this Complaint and continuing to the present, Patagonia annually has spent enormous amounts of time, money, and effort advertising and promoting the products on which its PATAGONIA trademarks are used. PATAGONIA branded products are advertised in a variety of contexts and media, including in print and on the Internet.  In addition to advertising by Patagonia, the PATAGONIA trademarks are also advertised and promoted and presented at point of sale by numerous retailers. Consumers, accordingly, are exposed to the PATAGONIA trademarks in a wide range of shopping and post-sale contexts.

12.     Patagonia has sold its PATAGONIA branded products all over the world, including throughout the United States and Colorado.  Through its promotion and investment in its brand and extensive sales, publicity, awards, and leadership in sustainable sourcing practices and environmental advocacy, Patagonia has acquired enormous goodwill in its PATAGONIA trademarks.  The PATAGONIA trademarks are famous within the meaning of the Trademark Dilution Revision Act, enjoy strong consumer recognition, and are recognized around the world and throughout the United States by consumers as signifying high-quality products made by a responsible company.

**Patagonia's Copyrights And Use of Them In Providing Retail Services**

13.     In connection with its online sales, Patagonia invests a substantial amount of time and money to take proprietary photographs of every product (from a variety of angles) that it

8

sells.  It displays these photographs at www.patagonia.com and licenses its dealer to use these photos to present customers with high quality images of Patagonia's products.  Some of these photos are also used in catalogs.  Patagonia periodically registers the copyright in these photographs, and owns registered rights for all the photographs shown on **Exhibit A**, which shows examples of Patagonia's product photographs in comparison with the copies used without authorization by Ms. Hayes. Patagonia's Copyright Registration for the images in Exhibit A is attached as **Exhibit B.** For example, these images are photographs that were taken for Patagonia's Down Sweater$^{TM}$ jackets and vests, but were copied by Ms. Hayes:

  

**Patagonia's Warranty**

14.    Many studies show that the greatest way to minimize the negative environmental impact of a garment is to build it well so that customers use it longer; obviating the need to buy another one.  Patagonia, consistent with its commitment to build the best product with the least harm, provides the following warranty for products that are sold through authorized channels:

> We guarantee everything we make.  If you are not satisfied with one of our products at the time you receive it, or if one of our products does not perform to your satisfaction, return it to the store you bought it from or to Patagonia for a repair, replacement or refund. Damage due to wear and tear will be repaired at a reasonable charge.

9

**Ms. Hayes' Infringement of Patagonia's Trademark Rights**

15.    Patagonia recently discovered that Ms. Hayes is selling substantial quantities of PATAGONIA-branded products online through retail platforms, including Poshmark.com. None of Patagonia's authorized retailers or dealers are permitted to sell on ecommerce platforms such as Poshmark.com, or anywhere, except at an approved retail site operated by the retailer in accordance with Patagonia's policies.  This restricted distribution of Patagonia's products is important in ensuring that only knowledgeable retailers who are familiar with the technical attributes of Patagonia's products, its warranties, and commitment to durable and climate friendly fabrication present the PATAGONIA brand to consumers.

16.    Ms. Hayes is using several tactics to falsely portray herself as an authorized Patagonia dealer to consumers looking for PATAGONIA-branded products online.

17.    Ms. Hayes, without authorization or a license, uses Patagonia's copyrighted images, the same that appear in genuine listings for Patagonia products and on www.patagonia.com and on Patagonia's dealers' websites, to present herself as an authorized dealer.  Examples of these infringing reproductions follow.

//

//

//

//

//

//

//

10



| Product Name | Roxann Hayes Poshmark Image | Patagonia Copyrighted Image |
|---|---|---|
| Patagonia Women's Los Gatos Fleece Vest (Thermal Blue) | | |
| Patagonia Women's Powder Town Bibs – Regular (Seabird Grey) | | |
| Patagonia Men's Diamond Quilted Bomber Hoody (Shelter Brown) | | |

11



| | |
|---|---|
| Patagonia Men's Untracked Jacket (Endless Blue) | |

18.    Ms. Hayes represents herself as a source of a wide range of PATAGONIA-branded products.  Based on the metrics shown on Ms. Hayes' Poshmark page and Patagonia's investigation into the matter, Patagonia is informed and believes that Ms. Hayes has sold more than 1,000 PATAGONIA-branded products through her Poshmark page alone, including the following examples:







//

//

//

//



19.    Ms. Hayes uses the PATAGONIA trademarks heavily in her listings, as shown by example in the paragraphs above which display an array of colors and products.

20.    Ms. Hayes also claims to carry a multitude of PATAGONIA-branded products for different ages, genders, and sizes, which implies to consumers that Ms. Hayes has a ready source of authorized PATAGONIA-branded inventory on hand, when in fact, her source of supply depends, at least in part, on interfering with and persuading authorized dealers to breach the terms of their relationship with Patagonia.

21.    Ms. Hayes currently has over 8,300 listings for products from over 200 different brands and has over 240,000 followers of her Poshmark page.  By offering such a large quantity of products to a large number of consumers, Ms. Hayes implies to consumers that she has many authorized distribution arrangements with different brands.  At least with respect to Patagonia, that is not the case.

22.    There are multiple material differences between goods and services provided in genuine transactions from authorized dealers in PATAGONIA products, and the goods sold in

14

transactions with Ms. Hayes.  For example, Poshmark's return policy states "We will give you a full refund if your item never ships or does not match the listing description.  Otherwise, **all sales are final**" (emphasis in original).  It further states, "If the item is just not your style or does not fit you, we unfortunately cannot accept a return.  You can always re-list the item on Poshmark!"  *See* https://poshmark.com/posh_protect.  This policy is dramatically inconsistent with the actual warranty from Patagonia available for genuine goods and the company's very ethos.

**Patagonia's No Resale Policy**

23.     To guard against these kind of abuses, every Patagonia dealer is forbidden, under its relationship with Patagonia, from selling to any reseller, jobber or other retailer, and no authorized seller is permitted to sell or use Patagonia's trademarks on Poshmark.com or other online platforms because these sites provide—for the reasons discussed—materially different services, warranties and buying experiences than Patagonia and its  authorized dealers.

24.     The purpose of these restrictions is to ensure that only authorized sources of PATAGONIA brand products, responsible for adhering to Patagonia's sales policies and warranties and maintaining an assortment of products for returns or size exchanges, present the PATAGONIA brand and shopping experience to consumers.

25.     Both Patagonia and its authorized channels invest in the brand and the required services, and refrain from prohibited markets, on the assumption that Patagonia will maintain control over the wholesale channel for its goods.  When potential buyers like Ms. Hayes disrupt Patagonia's relationships with its dealers, they diminish the value of adhering to Patagonia's requirements for appropriate distribution of its products and may destroy these relationships

15

altogether.

**Harm to Patagonia**

26.   Ms. Hayes' actions have caused and will cause Patagonia irreparable harm for which money damages and other remedies are inadequate.  Unless Ms. Hayes is restrained by this Court, she will continue to cause irreparable damage and injury to Patagonia by, among other things:

    a.  Depriving Patagonia of its statutory rights to use and control use of its trademarks and copyrights;

    b.  Creating a likelihood of confusion, mistake, and deception among consumers and the trade as to the source of the infringing products and services;

    c.  Creating a likelihood of confusion, mistake, and deception among consumers and the trade by providing materially different products and services from the genuine products and services available from authorized retailers;

    d.  Causing the public falsely to associate Patagonia with Ms. Hayes and/or her products and services, or vice versa;

    e.  Causing incalculable and irreparable damage to Patagonia's goodwill and diluting the capacity of its famous PATAGONIA trademarks to differentiate its products from those of its competitors and authorized dealers in genuine products and services;

16

f.   Causing Patagonia to lose sales of its genuine PATAGONIA products and services;

g.   Causing disruption and uncertainty to Patagonia's relationships with its authorized retailers; and

h.   Causing Ms. Hayes to capture profits, premiums and goodwill that are only available due to her exploitation of markets that, due to Patagonia's policies, are not competitive, all to the detriment of deceived consumers and Patagonia.

27.   Accordingly, in addition to damages and recovery of Ms. Hayes' profits, Patagonia is entitled to injunctive relief against Ms. Hayes and all persons and/or entities acting in concert with her.

## FIRST CLAIM

## FEDERAL TRADEMARK INFRINGEMENT

## (15 U.S.C. §§ 1114-1117)

28.   Patagonia repeats and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

29.   Ms. Hayes has used—in connection with the sale, offering for sale, distribution, or advertising of her materially different products and services—words and symbols that infringe upon Patagonia's PATAGONIA trademarks.

30.   Ms. Hayes has used the Patagonia trademarks and its copyrighted photographs to devise listings on Poshmark.com that create a likelihood of consumer confusion that the products and services Ms. Hayes sells and provides are authorized and genuine products and services.  Ms. Hayes further creates likely consumer confusion that she is an authorized dealer

17

in PATAGONIA brand products when, in fact, she is not.

31. These acts of trademark infringement have been committed deliberately and with the intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C. § 1114.

32. As a direct and proximate result of Ms. Hayes' conduct, Patagonia is entitled to recover Ms. Hayes' unlawful profits and Patagonia's damages, and treble the amount of its damages and Ms. Hayes' profits, and to an award of attorneys' fees under 15 U.S.C. § 1117(a).

33. Patagonia and the public will suffer irreparable harm if Ms. Hayes' infringements continue and Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Ms. Hayes to stop use of the PATAGONIA trademarks, to stop selling PATAGONIA brand products on e-commerce sites or other unauthorized retail locations, and to stop using any other mark or design or copyright or statement that creates likely confusion that Ms. Hayes is an authorized dealer in PATAGONIA brand products.

## SECOND CLAIM

## FEDERAL UNFAIR COMPETITION

### (False Designation of Origin and False Description – 15 U.S.C. § 1125(a))

34. Patagonia repeats and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

35. Ms. Hayes' conduct, as alleged in this Complaint, constitutes the use of symbols or devices tending falsely to describe the infringing products and services, within the meaning of 15 U.S.C. § 1125(a)(1). Ms. Hayes' conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of the infringing products and services to the detriment of Patagonia and in

18

violation of 15 U.S.C. § 1125(a)(1).

36.    Ms. Hayes has used Patagonia's marks and Patagonia's copyrighted photographs to create listings on Poshmark.com that cause a likelihood of consumer confusion that Ms. Hayes is an authorized dealer in PATAGONIA brand products when, in fact, she is not.

37.    As a direct and proximate result of Ms. Hayes' conduct, Patagonia is entitled to recover up to treble the amount of Ms. Hayes' unlawful profits and Patagonia's damages, and an award of attorneys' fees under 15 U.S.C. § 1117(a).

38.    Patagonia and the public will suffer irreparable harm if Ms. Hayes' conduct continues and Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Ms. Hayes to stop use of the PATAGONIA trademarks, to stop selling PATAGONIA brand products on e-commerce sites or other unauthorized retail locations, and to stop using any other mark or design or copyright or statement that creates likely confusion that Ms. Hayes is an authorized dealer in PATAGONIA brand products.

### THIRD CLAIM

### FEDERAL DILUTION OF FAMOUS MARK

### (Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c))

39.    Patagonia repeats and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

40.    Patagonia's PATAGONIA trademarks (including the P-6 logo) are distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and were famous prior to Ms. Hayes' use of the infringing marks.

41.    Ms. Hayes' conduct is likely to cause dilution of Patagonia's PATAGONIA

19

trademarks by diminishing their distinctiveness and by disparaging Patagonia in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

42.    As a direct and proximate result of Ms. Hayes' willful conduct, Patagonia is entitled to recover up to treble the amount of Ms. Hayes' unlawful profits and Patagonia's damages, and an award of attorney's fees under 15 U.S.C. §§ 1116(a), 1117(a), and 1125(c).

43.    Patagonia and the public will suffer irreparable harm if Ms. Hayes' conduct continues and Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) and 1125(c) that requires Ms. Hayes to stop use of the PATAGONIA trademarks, to stop selling PATAGONIA brand products on e-commerce sites or other unauthorized retail locations, and to stop using any other mark or design or copyright or statement that diminishes the distinctiveness of or disparages the PATAGONIA trademarks or their association with Patagonia and those who are authorized to use its brand.

## FOURTH CLAIM

## FEDERAL COPYRIGHT INFRINGEMENT

### (17 U.S.C. §§ 101, *et seq*., and 17 U.S.C. §§ 501, *et seq*.)

44.    Patagonia repeats and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

45.    Patagonia owns the copyright in its P-6 logo, which is federally registered and was registered prior to Ms. Hayes' copying, as well as registrations for the copyrighted works identified in Exhibit A to this Complaint (collectively, "copyrighted works").

20

46.     Without authorization, Ms. Hayes has reproduced, distributed, and/or used copies of Patagonia's copyrighted works in violation of Patagonia's exclusive rights, damaging Patagonia and harming Patagonia's relationship with its authorized dealers.

47.     Ms. Hayes' unlawful reproduction, distribution, and/or use of Patagonia's proprietary designs and photography constitutes copyright infringement.

48.     Patagonia is informed and believes that Ms. Hayes acted intentionally, willfully, and in bad faith when she reproduced, distributed, and/or used Patagonia's copyrighted works.

49.     As a direct and proximate result of Ms. Hayes' conduct, Patagonia is entitled, pursuant to 17 U.S.C. § 502, to injunctive relief.  The public and Patagonia will suffer irreparable harm if Ms. Hayes' infringements continue; therefore, Patagonia is entitled to injunctive relief that requires Ms. Hayes to stop all use of Patagonia's copyrighted works.

50.     As a direct and proximate result of Ms. Hayes' conduct, Patagonia is entitled to actual damages and any profits earned by Ms. Hayes as a result of her willful infringements of the copyrighted works, or statutory damages of up to $150,000 for each work infringed, at Patagonia's election, pursuant to 17 U.S.C. § 504.

## FIFTH CLAIM

## TRADEMARK INFRINGEMENT UNDER COLORADO COMMON LAW

51.     Patagonia repeats and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

52.     Patagonia is the owner of numerous registrations for the PATAGONIA trademarks, as well as common law rights in those marks.

21

53.    Ms. Hayes has infringed upon Patagonia's PATAGONIA trademarks without the consent of Patagonia and in connection with the sale, offering for sale, distribution, or advertising of her infringing products and services.

54.    Ms. Hayes' infringement of Patagonia's PATAGONIA trademarks is likely to cause confusion, mistake, and deception as to the source of the origin of Ms. Hayes' offerings, in violation of Colorado common law.

55.    As a result of Ms. Hayes' acts, Ms. Hayes has caused, and will continue to cause, irreparable harm to Patagonia and the public.  Patagonia has no adequate remedy at law and is entitled to injunctive and other relief.

## SIXTH CLAIM

## UNFAIR COMPETITION UNDER COLORADO COMMON LAW

56.    Patagonia repeats and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

57.    Patagonia is the owner of numerous registrations for the PATAGONIA trademarks, as well as common law rights in those marks.

58.    Ms. Hayes has used Patagonia's marks and Patagonia's copyrighted works to devise listings on Poshmark.com that create a likelihood of consumer confusion that Ms. Hayes' products and services originate from and are authorized by Patagonia when they are not.  These uses also create likely confusion that Ms. Hayes is an authorized dealer in PATAGONIA products when, in fact, she is not.

59.    Ms. Hayes' intentional and willful actions set forth above constitute unlawful "passing off" under Colorado unfair competition law.

22

60.    As a result of Ms. Hayes' acts, Ms. Hayes has caused, and will continue to cause, irreparable harm to Patagonia and the public.  Patagonia has no adequate remedy at law and is entitled to injunctive and other relief.

## SEVENTH CLAIM

## DECEPTIVE BUSINESS PRACTICES UNDER COLORADO LAW

## Colo. Rev. Stat. § 6-1-105

61.    Patagonia repeats and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

62.    Patagonia is the owner of numerous registrations for the PATAGONIA trademarks, as well as common law rights in those marks.

63.    Ms. Hayes has used Patagonia's marks and Patagonia's copyrighted works to devise listings on Poshmark.com that create a likelihood of consumer confusion that Ms. Hayes' products and services originate from and are authorized by Patagonia when they are not.  These uses also create likely confusion that Ms. Hayes is an authorized dealer in PATAGONIA products when, in fact, she is not.

64.    Ms. Hayes has knowingly passed off her goods and services as those of Patagonia.

65.    Additionally, Ms. Hayes has knowingly made a false representation as to the source, sponsorship, approval, or certification of her goods and services.

66.    Further, Ms. Hayes has knowingly made a false representation as to affiliation, connection, or association with or certification by Patagonia.

67.    Ms. Hayes' intentional and willful actions set forth above constitute unlawful and deceptive business practices under Colo. Rev. Stat. § 6-1-105.

23

68.    As a result of Ms. Hayes' acts, Ms. Hayes has caused, and will continue to cause, irreparable harm to Patagonia and the public.  Patagonia has no adequate remedy at law and is entitled to injunctive and other relief.

## EIGHTH CLAIM

## INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS

69.    Patagonia repeats and re-alleges each and every allegation set forth in the foregoing paragraphs as though fully set forth herein.

70.    Patagonia has existing valid contracts with its authorized dealers, which include restrictions against certain sales and sales channels.

71.    Patagonia is informed and believes that Ms. Hayes has knowledge of those contracts and restrictions.  Patagonia is informed and believes that Ms. Hayes has acted intentionally to induce breaches or disruption of those contractual relationships by purchasing inventory from authorized dealers for the purpose of resale, and by reselling such products through ecommerce platforms.

72.    Ms. Hayes' actions as alleged in this Complaint have caused and will cause actual disruption or breach of Patagonia's contracts with its authorized dealers.

73.    Ms. Hayes' conduct as alleged herein has caused and will continue to cause Patagonia irreparable harm, for which there is no adequate remedy at law, and is also causing damage to Patagonia in an amount which cannot be accurately computed at this time but will be proven at trial.

## PRAYER FOR JUDGMENT

WHEREFORE, Patagonia prays that this Court grant it the following relief:

1.      Adjudge that Ms. Hayes has infringed the PATAGONIA trademarks in violation of Patagonia's rights under 15 U.S.C. § 1114;

2.      Adjudge that Ms. Hayes has infringed the PATAGONIA trademarks in violation of Colorado common law;

3.      Adjudge that Ms. Hayes has competed unfairly with Patagonia in violation of Patagonia's rights under 15 U.S.C. § 1125(a);

4.      Adjudge that Ms. Hayes has competed unfairly with Patagonia in violation of Colorado common law;

5.      Adjudge that Ms. Hayes has engaged in a deceptive business practice in violation of Colo. Rev. Stat. § 6-1-105;

6.      Adjudge that Ms. Hayes' activities are likely to dilute Patagonia's famous PATAGONIA trademarks in violation of Patagonia's rights under 15 U.S.C. § 1125(c);

7.      Adjudge that Ms. Hayes has infringed Patagonia's copyright rights in its P-6 design and copyrighted photography;

8.      Adjudge that Ms. Hayes' actions, as outlined in the preceding paragraphs, have been willful, intentional, and conducted in reckless disregard of the possible injurious consequences;

9.      Adjudge that Ms. Hayes and her agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with her, and/or any person(s) acting for, with, by, through or under her, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

25

a.    Manufacturing, producing, sourcing, importing, selling, offering for sale, distributing, advertising, or promoting any goods or services that display any words or symbols that bear reproductions or so resemble the PATAGONIA trademarks as to be likely to cause confusion, mistake, or deception, on or in connection with any product that is not authorized by or for Patagonia, including, without limitation, the Infringing Products or any product or service that (i) bears the PATAGONIA trademarks, (ii) bears Patagonia's copyrighted P-6 logo and/or photographs, (iii) is materially different than Patagonia's genuine products or services, or (iv) otherwise approximates Patagonia trademarks or copyright;

b.    Using any word, term, name, symbol, device, or combination that (i) causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Ms. Hayes or her products or services with Patagonia, or as to the origin of Ms. Hayes' products or services, (ii) contains any false designation of origin, false or misleading description or representation of fact, (iii) contains any false or misleading advertising, or (iv) causes likely dilution of the PATAGONIA trademarks;

c.    Further infringing the rights of Patagonia in and to its PATAGONIA trademarks, or otherwise damaging Patagonia's goodwill or business reputation;

d.    Further diluting the famous PATAGONIA trademarks;

e.    Otherwise competing unfairly with Patagonia in any manner;

f.    Reproducing or using the copyrighted works in any manner;

g.    Selling PATAGONIA branded products in any retail environment in which a materially different service and product is received by the consumer from genuine products and services; or

26

h.      Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

10.     Adjudge that Ms. Hayes be required immediately to deliver to Patagonia's counsel her entire inventory of infringing products, including without limitation, patches and any other products, packaging, labeling, advertising and promotional material, and all plates, patterns, molds, matrices, files, data, and other material for producing or printing such items, that are in her possession or subject to her control and that infringe Patagonia's trademarks and/or unfairly compete with Patagonia as alleged in this Complaint;

11.     Adjudge that Ms. Hayes, within thirty (30) days after service of the Court's judgment, be required to file with this Court and serve upon Patagonia's counsel a written report under oath setting forth in detail the manner in which she has complied with the judgment;

12.     Adjudge that Patagonia recover from Ms. Hayes its damages and lost profits, and Ms. Hayes' profits in an amount to be proven at trial;

13.     Adjudge that Ms. Hayes be required to account for any profits that are attributable to her illegal acts, and that Patagonia be awarded (1) Ms. Hayes' profits and (2) all damages sustained by Patagonia, under 15 U.S.C. § 1117, plus prejudgment interest;

14.     Adjudge that the amounts awarded to Patagonia pursuant to 15 U.S.C. § 1117 shall be trebled;

15.     Adjudge, pursuant to 17 U.S.C. § 504, that Patagonia recover from Ms. Hayes its damages based on Ms. Hayes' copyright infringement, or statutory damages at Patagonia's election;

27

16.     Adjudge that Patagonia recover punitive or exemplary damages from Ms. Hayes based on Ms. Hayes' conduct done willfully, intentionally, and in reckless disregard of its possible injurious consequences;

17.     Order an accounting of and impose a constructive trust on all of Ms. Hayes' funds and assets that arise out of her infringing, deceptive activities;

18.     Adjudge that Patagonia be awarded its costs and disbursements incurred in connection with this action, including Patagonia's reasonable attorneys' fees and investigative expenses; and

19.     Adjudge that all such other relief be awarded to Patagonia as this Court deems just and proper.

DATED:  January 14, 2026                     Respectfully submitted,

                                             VERSO LAW GROUP LLP


                                             By:     */s/ Ryan Bricker*
                                                     GREGORY S. GILCHRIST (Cal. Bar No. 111536)
                                                     RYAN BRICKER (Cal. Bar No. 269100)
                                                     SOPHY TABANDEH (Cal. Bar No. 287583)
                                                     KOURTNEY SPEER (Cal. Bar No. 348243)
                                                     565 Commercial Street, 4th Floor
                                                     San Francisco, CA 94111
                                                     Telephone: 415-534-0495
                                                     Email: greg.gilchrist@versolaw.com
                                                             ryan.bricker@versolaw.com
                                                             sophy.tabandeh@versolaw.com
                                                             kourtney.speer@versolaw.com


                                                     Attorneys for Plaintiff
                                                     PATAGONIA, INC.

28

## DEMAND FOR JURY TRIAL

Patagonia, Inc. demands that this action be tried to a jury.


DATED:  January 14, 2026          Respectfully submitted,

                                  VERSO LAW GROUP LLP


                                  By:    */s/ Ryan Bricker*
                                         RYAN BRICKER (CAL. BAR NO. 269100)

                                         Attorneys for Plaintiff
                                         PATAGONIA, INC.

29